IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REASSURE AMERICA LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 04-0597-WS-C** |
| ) | |
| **ANGELA THOMAS-NEWTON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

On September 20, 2005, the undersigned entered an Order (doc. 27) requiring each of the two remaining claimants in this action, Angela Thomas-Newton and Annie P. Chapman, to respond on or before October 10, 2005 with a statement (a) delineating whether she still intended to pursue her claim for the interpleaded life insurance proceeds, and (b) if so, showing cause for her failure to submit a summary judgment motion and supporting materials within the time frame specified by Magistrate Judge Cassady back in March 2005.  In recognition of their *pro se* status, the September 20 Order advised claimants in bold text that "failure to respond to this Order in a complete and timely manner will result in the dismissal of their claims." (September 20 Order, at 3.)  The Clerk's Office served copies of the September 20 Order on both Thomas-Newton and Chapman at their respective addresses of record.

On October 8, 2005, the Clerk's Office received a response from claimant Thomas-Newton clarifying that she "still wishes to pursue a claim to the subject life insurance proceeds." (Response (doc. 28), at 1.)[1]  In response to the show cause portion of the September 20 Order, Thomas-Newton explained that she did not understand that Magistrate Judge Cassady had directed her to file a motion

---

[1] The format of Thomas-Newton's response is wanting in several respects.  First, she styles her submission as an "Order," which it plainly is not.  Second, although the document is signed by Thomas-Newton, it does not include a signature block with her address and telephone number, as required by Rule 11(a), Fed.R.Civ.P.  In its discretion and in recognition of Thomas-Newton's *pro se* status, the Court will consider her filing notwithstanding these relatively insubstantial cosmetic flaws.

for summary judgment and that she had previously submitted all the evidence and information in her possession pertaining to her claim.

In contrast to Thomas-Newton, claimant Chapman has neither responded to nor otherwise acknowledged the directives in the September 20 Order. This latest omission is symptomatic of a trend that has been ongoing for quite some time. Since filing her Answer (doc. 13) on November 13, 2004, Chapman has not participated in this action in any meaningful way. She did not respond to Magistrate Judge Cassady's Order (doc. 21) of February 17, 2005, setting the matter for a telephone conference. She did not participate in the ensuing status conference. Nor did she acknowledge Judge Cassady's subsequent Order (doc. 25) of March 10, 2005, directing claimants to file motions for summary judgment and appropriate supporting materials on or before May 6, 2005. All three of these Orders were mailed to Chapman at the address she furnished in her Answer. Based on this unbroken chain of dilatoriness and unresponsiveness spanning 11 months, the Court must conclude that Chapman has abandoned her claim to the subject insurance proceeds. Moreover, the Court finds that Chapman's course of conduct demonstrates a persistent failure to prosecute her claims to the subject funds, as well as chronic noncompliance with the Orders of this Court, despite being placed on notice of the consequences of such omissions. Under the circumstances, the Court finds that Chapman is in **default** and that her claim to the subject interpleaded funds is due to be, and the same hereby is, **denied**. *See generally Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."); *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (explaining that sanction of dismissal, while severe, may be imposed in the face of a clear record of wilful delay or contumacious conduct).[2]

---

[2] Given Chapman's lengthy track record of ignoring judicial directives in this case, the Court specifically finds, upon due consideration of other available alternatives, that no lesser sanction against her would suffice. *See Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir. 1986) (dismissal for failure to comply with court orders requires a finding that lesser sanctions would

The Court having disposed of Chapman's claims to the interpleaded funds, the sole remaining claimant is Thomas-Newton, who has previously offered substantial evidence and argument in support of her claim.  In her Answer (doc. 10), Thomas-Newton presented an array of supporting facts and evidence.  Most notably, Thomas-Newton presented a copy of a letter to Guarantee Reserve Life Insurance Co. signed by the insured (Thomas-Newton's father) and dated November 3, 1999, stating the insured's request that Thomas-Newton be listed as the sole beneficiary for the subject life insurance policy.[3]

Thus, the posture of this action at this time is as follows: (a) Thomas-Newton has presented at least a colorable claim of entitlement to the disputed insurance proceeds, as there is evidence that the insured notified the insurance company in writing of his desire that she be the sole beneficiary under the policy; (b) Thomas-Newton has complied with the Court's September 20 Order and has expressed her continuing desire to proceed with her claim; (c) the other two claimants (Reese Funeral Home and Chapman) have been held in default and their claims denied for failure to prosecute and failure to respond to or comply with the Court's Orders; (d) there are no pending competing claims to the subject funds; and (e) there are no remaining adversary parties in this action to contest Thomas-Newton's entitlement to the insurance proceeds.

In light of the foregoing, it is hereby **ordered** that Thomas-Newton's claim to the interpleaded funds at the heart of this action is **granted**.  The Clerk of Court is directed to send Thomas-Newton a check for **$3,739.41**, representing the total amount of interpleaded funds deposited by plaintiff Reassure America Life Insurance Company with the Clerk of Court on October 4, 2004.  The check should be made payable to "Angela Thomas-Newton" and mailed to her at her address of record, to-

---

not suffice, such as where there is a pattern of willful disobedience); *Jones*, 709 F.2d at 1462 (in deciding whether dismissal is appropriate, courts are entitled to consider "the long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders").

[3] To be sure, the record also appears to contain contrary evidence that might support the claims of Chapman and Reese Funeral Home to the subject funds.  Inasmuch as those two claimants have been dismissed from this lawsuit, however, the Court need not and cannot weigh their various claims to the subject funds.  Only one claim – that of Thomas-Newton – remains.

wit: 10 Fair Woods Court, Covington, GA 30016.  The transmission of the interpleaded insurance proceeds to Thomas-Newton will resolve this matter in its entirety; therefore, the Clerk of Court is directed to close this file upon distribution of the interpleaded funds.  A separate judgment will enter.

**DONE and ORDERED** this the 18th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
